IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | CASE NO: 1:20CR0425 |
| | ) | |
| v. | ) | Judge Dan Aaron Polster |
| | ) | |
| TERRENCE HILL, | ) | **OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. Introduction

Before the Court is Defendant Terrence Hill's Motion for Compassionate Release. ECF Doc. 23. On June 24, 2021, Mr. Hill was sentenced to 24 months in prison for distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). ECF Doc. 21. He is currently being held at FCI Hazelton with an expected release date of April 16, 2022.[1]

On December 14, 2021, the Government filed an opposition to Mr. Hill's motion. ECF Doc. 27. Appointed counsel filed a reply in support of Mr. Hill's motion on January 11, 2022. ECF Doc. 29. For the reasons stated herein, Mr. Hill's Motion for Sentence Reduction/ Compassionate Release under the First Step Act of 2018 is **DENIED**.

## II. Exhaustion

Before filing a motion for compassionate release, a defendant must satisfy 18 U.S.C. § 3582(c)(1)(A)(i)'s exhaustion requirement. Under *United States v. Alam*, the request may come through a motion filed by the inmate after he has "fully exhausted all administrative rights to

---

[1] *Find an Inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc (last accessed January 13, 2022).

appeal a failure of the Bureau of Prisons to bring a motion on the [prisoners]'s behalf" or after "the lapse of 30 days from the receipt of such a request by the warden of the [prisoner]'s facility, whichever is earlier." *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020).

Mr. Hill exhausted all administrative remedies by seeking compassionate release on August 31, 2021, through Warden Bradley Trate. ECF Doc.23-7.  Warden Trate denied Mr. Hill's request for compassionate release on September 16, 2021.  ECF Doc. 23-7.  Accordingly, Mr. Hill has satisfied the exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A)(i), and the Government does not argue otherwise.  ECF Doc. 27 at 2.

### III. Factors Warranting Early Release

As authorized by 18 U.S.C. § 3582(c)(1), two requirements must be met before the Court may grant a compassionate release. 18 U.S.C. § 3582(c)(1). The Court must find: (A) extraordinary and compelling circumstances permit sentence reduction; and (B) the reduction is proper considering the 18 U.S.C. § 3553(a) sentencing factors, "to the extent they are applicable." *Id.*

#### A. Extraordinary and Compelling Reasons

As "extraordinary and compelling" reasons for compassionate release, Mr. Hill cites his medical conditions, his mother's terminal medical conditions, his family circumstances, the harshness of incarceration during the COVID-19, and vulnerability to COVID-19. ECF Doc. 23-3.

#### 1. Medical Diagnoses and COVID-19

When determining whether the concern of contracting COVID-19 becomes an extraordinary and compelling reason for compassionate release, courts consider the following factors: (1) whether defendant is at high risk of having complications from COVID-19; and (2)

2

whether the defendant's prison has a severe COVID-19 outbreak. *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021) (citing *United States v. Hardin*, No. 19-CR-240, 2020 U.S. Dist. LEXIS 90855, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020).

Mr. Hill has produced evidence showing that he has been diagnosed with congestive heart failure. ECF Doc. 23-4. The Centers for Disease Control and Prevention ("CDC") identifies a non-exhaustive list of COVID-19 risk factors on its website, which outlines risk factors that can make you "more likely to get severely ill from COVID-19".[2] Last updated on December 14, 2021, the CDC has determined that having heart conditions may increase the likelihood of severe illness from COVID-19. *See United States v. Elias,* 984 F.3d 516, 521 (6th Cir. Jan. 6, 2021) ("[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions"). The Government does not dispute Mr. Hill's condition, but contends that, despite this diagnosis, Mr. Hill is "essentially healthy." The Government also points out that Mr. Hill refused the COVID-19 vaccine. *See* ECF Doc. 27-1 at 111.

After considering the parties' arguments and submitted evidence, the Court finds that Mr. Hill has not shown extraordinary and compelling reasons for his release. Mr. Hill's argument that his heart condition constitutes an extraordinary and compelling reason is weakened because he was offered and refused the COVID-19 vaccination on July 29, 2021. ECF Doc. 27-1 at 111. Without legitimate justification, a prisoner should not be permitted to qualify for compassionate release by declining to receive a COVID-19 vaccine. Such rulings would discourage prisoners from becoming vaccinated in the hopes of early release. *See, e.g. United States v. Austin,* 2021

---

[2] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (last accessed January 13, 2022).

U.S. Dist. LEXIS 56340 at 5-6 (E.D. Mich. Mar. 25, 2021) (Cleland, J.); *United States v. Jackson,* 2021 U.S. Dist. LEXIS 39807 at *4 (D. Minn. Mar. 3, 2021) (Magnuson, J.) ("Jackson's decision to refuse the vaccine flies in the face of any medical recommendation regarding the vaccines.  While he is within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk."); *United States v. Williams,* No. CR-17-01279-001-PHX-DLR, 2021 U.S. Dist. LEXIS 18354 at *7 (D. Ariz. Feb. 1, 2021)(defendant's explanation for refusal was "incredible in light of his claim that his risk of a serious illness from the COVID-19 virus is an extraordinary and compelling reason for his immediate release").

Additionally, it is questionable whether Mr. Hill could meet the second prong of the "extraordinary and compelling reasons" test, because there are currently no reported cases of COVID-19 among the inmates at FCI Hazelton.  While the Court recognizes Mr. Hill's concern of contracting COVID-19, the existence of the pandemic alone is not enough to authorize the Court to grant a compassionate release.  *See United States v. Carr,* No. 20-5784, 2020 U.S. App. LEXIS 33773, at *5 (6th Cir. Oct. 26, 2020) (citing "that the existence of Covid-19 and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release") (other citations and quotes omitted).  Moreover, Mr. Hill's refusal to receive the vaccine to COVID-19 calls into question the legitimacy of his concern. "Extraordinary and compelling" reasons are a required component of the Court's ability to grant compassionate release, and Mr. Hill has failed to provide such reasons.

### 2. Family Circumstances

Mr. Hill also argues that his desire to care for his mother and his minor children constitutes an extraordinary and compelling reason for his early release. In the context of compassionate release, the U.S. Sentencing Commission's commentary explains that a family circumstance that may justify a reduction of a defendant's prison term is either "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 app. note 1(C). Under this policy statement, "[c]are of parents is not a qualifying basis for early release." *See, e.g., United States v. Henry*, No. 13-91, 2020 U.S. Dist. LEXIS 119111, 2020 WL 3791849, at *4 (E.D.N.Y. July 6, 2020); *see also United States v. Goldberg,* No. 12-180, 2020 U.S. Dist. LEXIS 63885, 2020 WL 1853298, at *4 (D.D.C. Apr. 13, 2020) ("[T]he family circumstances that would amount to an extraordinary and compelling reason are strictly circumscribed" and "do not encompass providing care to elderly parents"). "Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, No. 14-40, 2019 U.S. Dist. LEXIS 118304, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019); *see also United States v. Gaskin,* No. 15-352, 2020 U.S. Dist. LEXIS 231838, 2020 WL 7263185, at *4 (E.D. Pa. Dec. 9, 2020) ("[T]he desire to care for elderly parents" or grandparents does not "qualify as extraordinary").

Similarly, Hill's desire to care for his children (though commendable) is also not an extraordinary and compelling reason meriting his early release. While unfortunate, "the care of minor children is a problem faced by many convicted defendants." *United States v. Kibby*, No. 2:19-cr-179, 2021 U.S. Dist. LEXIS 95820, at *8 (S.D. Ohio May 20, 2021). Absent evidence of

5

the death or incapacitation of their caregiver, Mr. Hill's children do not constitute extraordinary and compelling reasons for his release.  Mr. Hill has not shown that his desire to care for his children and/or his mother constitutes an extraordianry and compelling reason for his early release.

### B.  18 U.S.C. § 3553(a) Factors/Threat to the Community

Even if Mr. Hill had established an "extraordinary and compelling reason" for a sentence reduction, he would also need to show his release is appropriate considering the sentencing factors listed in 18 U.S.C. § 3553(a).  The statute lists seven factors the Court must weigh, including: the nature and circumstances of the offense as well as the defendant's history and characteristics; the need for the sentence; the types of sentences available; the sentencing range; any pertinent policy statement; the need to avoid sentence disparities among similar defendants; and the need to provide restitution to victims. 18 U.S.C. § 3553(a).  These factors are initially considered during sentencing.  In deliberating a motion for compassionate release, the Court must consider whether the factors support a sentence modification. 18 U.S.C. § 3582(c)(1).

In his reply, Hill contends that one of the Government's arguments regarding his disciplinary record is inaccurate.  Specifically, he argues that the Government has incorrectly cited his disciplinary record from a 2014 incarceration, rather than from his current sentence.  However, even if Mr. Hill is correct, he has not shown that an accurate history of the § 3553(a) factors would weigh in his favor.  Because Mr. Hill has not shown that the § 3553(a) factors now weigh in his favor, or that an extraordinary and compelling reason supports his release, his motion for compassionate release must be denied.

IV. Conclusion

For the above reasons, Terrence Hill's Motion for Compassionate Release (ECF Doc. 23) is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: January 13, 2022                                     */s/ Dan Aaron Polster*
                                                            **Dan Aaron Polster**
                                                            **United States District Judge**